UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ALEX ANDERSON,

                Plaintiff,

-against-

DR. KIMBERLY CHOU; individually and in her official capacity as Medical Doctor for Bellevue Hospital Center; ATTORNEY JERROLD BERMAN, individually and in his official capacity as Attorney at Law; ROBERT M. MORGENTHAU, individually and in his official capacity as District Attorney of Manhattan County; TEN UNKNOWN DISTRICT ATTORNEYS, all in their individual and official capacity as District Attorneys for Manhattan County; DR. ANKUR SARAIYA, individually and in his official capacity as Psychiatrist; DR. NANCY NICHOLS-GOLDSTEIN, individually and in her official capacity as Psychologist; DR. ROY LUBIT, individually and in his official capacity as Psychiatrist; ABRAHAM B. STRASSFEID, individually and in his official capacity as Attorney at Law; UNKNOWN DOCTOR JOHN DOE, individually and in his official capacity as Medical Doctor for Bellevue Hospital Center; RICHARD RIFKIN, individually and in his official capacity as Deputy Attorney General; UNKNOWN COURT STENOGRAPHER, Court Part 4; Criminal Court for the State of New York; Manhattan County,

                Defendants.
----------------------------------------X

MEMORANDUM
AND ORDER
06-CV-3563 (BMC)(LB)

**COGAN**, United States District Judge:

    Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against

1

various physicians, psychiatrists and New York County District Attorneys seeking damages for alleged due process violations during his state court criminal proceedings, and inadequate medical care at Bellevue Hospital. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the action for the following reasons.

**BACKGROUND**

Although the precise allegations in plaintiff's complaint are unclear, the Court understands plaintiff to be raising two claims. First, plaintiff claims that his ongoing criminal prosecution in New York County violates his due process rights. Briefly, plaintiff was arrested on December 16, 2005, and ordered to undergo a psychiatric examination because of an alleged history of psychiatric illness. Complaint at ¶¶ 1-5. Plaintiff claims that he should not be subject to the examination because he has been "previously found sane" by a jury that determined that "he is the world's first and only telepathic theatrical entertainer," and that he has been engaged to the performer Mariah Carey since March, 2005. Id. at ¶¶ 35-36. There have been numerous delays, adjournments, and motions regarding plaintiff's examination, id. at ¶¶ 23-48, and the case is still pending. Id. at ¶ 49. Plaintiff seeks this Court's oversight of and intercession in his criminal prosecution in state court.

Plaintiff also claims that the medical treatment he received at Bellevue Hospital for a hand injury violated his Eighth Amendment rights. Id. at p. 17-18. Specifically, plaintiff alleges that beginning on January 10, 2006, he received treatment for the third finger of his right hand. Id. at p. 18. Plaintiff has had multiple visits with defendant physicians, and defendant Chou determined on June 6, 2006 that plaintiff's injury did not require surgery, discharged plaintiff to occupational therapy for a splint, and directed plaintiff to return to the hand clinic in three

2

months. Id. Plaintiff continues to believe that surgery is necessary.

**DISCUSSION**

**A. Standard of Review**

The Court construes plaintiff's complaint liberally, particularly because it alleges civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Nonetheless, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Upon review of plaintiff's complaint, the Court must abstain from reaching plaintiff's claim regarding the psychiatric examination in his pending state court criminal case, and finds that plaintiff's allegation of inadequate medical care fails to state a claim on which relief can be granted.

**B. Abstention**

Plaintiff first seeks this Court's intervention in a criminal case presently pending in state court. It is well-settled that federal courts cannot intervene in ongoing criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also Hicks v. Miranda, 422 U.S. 332, 349 (1975).

3

Although the holding in Younger itself was limited to state criminal trials, it has subsequently been extended to cover certain civil proceedings. As applied in our Circuit, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Riv. Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n. 22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Here, plaintiff states that a pretrial hearing was held in Supreme Court, New York County, on June 16, 2006, complaint at ¶ 47, and that an adjournment of four weeks was granted at that time. Id. at ¶ 49. It appears from this Court's review that plaintiff's claim is still pending in that Court. In addition, plaintiff has raised his concern about the psychiatric examination on several occasions in the state proceeding, and there is no indication that plaintiff will not have an adequate opportunity there for review of those claims. See Complaint at ¶¶ 4, 8, 17, 48-49. As a result, this Court must abstain from hearing the instant complaint. Plaintiff's constitutional claims may be raised in the state proceeding, and federal intervention at his insistence is improper.

**C. Medical Care**

Plaintiff next argues that he has received inadequate medical care for a hand injury that he believes requires surgery. At the outset, the Court notes that it is unclear whether plaintiff was a prisoner during the time he received treatment at Bellevue Hospital, but the standard is identical whether plaintiff was a prisoner or a pre-trial detainee. Cuoco v. Moritsugo, 222 F.3d 99, 106 (2d

4

Cir. 2000) (the Second Circuit has "often applied the Eighth Amendment deliberate indifference test to pretrial detainees bringing actions under the Due Process Clause of the Fourteenth Amendment"). In order to establish a constitutional claim of inadequate medical care, plaintiff must show that the medical condition was objectively serious and that the defendants subjectively acted with deliberate indifference to his medical needs. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). It is well-established that "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance, 143 F.3d at 703 (citing Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986)); accord McKenna v. Wright, No. 01 Civ. 6571, 2002 WL 338375, at *7 (S.D.N.Y. Mar. 4, 2002). Indeed, "disagreements over medications, diagnostic techniques (e.g., the need for x-rays), forms of treatment, or the need for specialists or the timing of their intervention are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." Sonds v. St. Barnabas Hosp. Corp. Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (citing Estelle, 429 U.S. at 107); accord Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000).

Plaintiff's injury to the "third finger of the right hand" appears to be minor. Complaint at p. 18. Moreover, he does not allege that he was deprived of medical treatment, but only that he is dissatisfied with the course of the treatment that defendant physicians prescribed. Such disagreement cannot support a constitutional claim. Thus, plaintiff's complaint fails to state a claim of deliberate indifference to serious medical needs on which relief can be granted, and

must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONCLUSION**

Accordingly, the Court dismisses plaintiff's complaint in its entirety. Plaintiff's claim related to the pending criminal case is dismissed without prejudice to filing a new complaint in the appropriate district court upon the conclusion of the state criminal proceedings. Younger, 401 U.S. at 43; but cf. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a 42 U.S.C. § 1983 claim implicating the validity of the plaintiff's underlying conviction or sentence is barred unless the underlying conviction is invalidated). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
Sept 12, 2006